at 20 percent was sustained as to said items. Following *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed as to the items marked "B," and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 61826.**—Border Brokerage Co. *v.* United States, protests 210477–K, etc. (Seattle).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of yellow cedar the same in all material respects as that the subject of *Border Brokerage Co. et al.* v. *United States* (39 Cust. Ct. 179, C. D. 1923), the claim of the plaintiff was sustained.

**No. 61827.**—Border Brokerage Company *v.* United States, protests 312726–K and 325950–K (Seattle).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of yellow cedar the same in all material respects as that the subject of *Border Brokerage Co. et al.* v. *United States* (39 Cust. Ct. 179, C. D. 1923), the claim of the plaintiff was sustained.

**No. 61828.**—Levin Bros. *v.* United States, protests 295088–K and 295090–K (New York).

Opinion by Wilson, J. In accordance with stipulation of counsel that the merchandise consists of shell water flowers the same in all material respects as those the subject of Abstract 61346, except that the merchandise herein is in chief value of shell, the claim of the plaintiff was sustained.

**No. 61829.**—Shell Oil Co. and A. W. Salter & Co., Inc., et al. *v.* United States, protests 132196–K, etc. (New York).